## MANHATTAN HARDWARE CO. v. P. PHALEN.

ERROR TO THE COURT OF COMMON PLEAS OF BERKS
COUNTY.

Argued March 8, 1889—Decided October 7, 1889.
[To be reported.]

1. The liabilities of a manufacturing corporation accruing in the improvment of its property, the employment of labor, or the purchase of materials in the prosecution of its ordinary business, do not constitute such an increase of indebtedness, as, under § 7, article XVI. of the constitution and the act of April 18, 1874, P. L. 61, requires a previous meeting and consent of stockholders to validate them.

2. When a corporation receives the benefit of money borrowed on a corporate mortgage, and the stockholders know of it and make no objection within a reasonable time to the lack of authority in the corporate officers to make the loan, neither the corporation, its stockholders, nor its creditors can set up such want of authority in a suit on the mortgage, nor can the receiver of the company do so for them.

3. Where the mortgage of a manufacturing corporation, executed under the corporate seal, recited a resolution of the directors that it was unan-

imously authorized by the stockholders, an affidavit of defence to a scire facias thereon, averring that the mortgage was not authorized by the stockholders. and that no stockholders' meeting had been called upon the subject, was insufficient to prevent summary judgment.

Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 316 January Term 1889, Sup. Ct.; court below, number and term not given.

On September 30, 1887, Patrick Phalen, to the use of Francis A. Fales, assignee, issued a scire facias upon a mortgage executed by the Manhattan Hardware Company to Patrick Phalen dated February 21, 1887, and containing the following recital:

"Whereas, at a duly convened meeting of the board of directors of the said Manhattan Hardware Company, held at their office in the city of Reading, on the twenty-first day of February, 1887, the following preamble and resolution were unanimously adopted:

"Whereas, The stockholders of this company, on the fourteenth day of February, 1887, did unanimously authorize the directors and officers of this company to execute and deliver the bond of the company, secured by mortgage upon any or all of its property, to Patrick Phalen, of Troy, N. Y., in the sum of twenty-five thousand dollars, upon such terms and conditions as the directors and officers may determine, which said bond and mortgage shall secure the said Patrick Phalen for any indebtedness now due or owing him by the said company, or any liabilities assumed by him on behalf of said company, or any renewals of the said indebtedness or liabilities, or any additional indebtedness or liabilities from time to time hereafter to be created or assumed, not exceeding in the aggregate the said amount, and did thereby expressly waive any meeting or election of stockholders for all or any of the foregoing purposes.

"Resolved, That the officers of this company be authorized and directed to execute and deliver the bond of this company and to secure the same by a mortgage upon all its property to Patrick Phalen of Troy, N. Y., in the sum of twenty-five thousand dollars for the purposes above set forth.

"And whereas, the said Manhattan Hardware Company is

now indebted to the said Patrick Phalen in the said sum of twenty-five thousand dollars, for moneys now due and owing to the said Patrick Phalen, and for liabilities assumed by the said Patrick Phalen on behalf of the said Manhattan Hardware Company.

" And whereas the said Manhattan Hardware Company by its certain bond or obligation bearing even date herewith stands bound unto the said Patrick Phalen in the sum of fifty thousand dollars, conditioned for the payment of the sum of twenty-five thousand dollars in five years from the date thereof with interest at the rate of six per cent per annum, payable semi-annually, as by the said bond or obligation fully appears.

" Now this Indenture witnesseth," etc.

On October 10, 1887, James Nolan, as the receiver of the defendant company, filed the following affidavit of defence :

" Before me, the subscriber, a Notary Public, . . . . personally appeared James Nolan, being receiver of the Manhattan Hardware Company, duly appointed by the Court of Common Pleas of Berks county in equity suit No. 423, 1887, and duly authorized by an order of the Court of Common Pleas aforesaid in the equity suit aforesaid, to defend the said action, and who being duly sworn according to law doth depose and say . . . . .

" The said Manhattan Hardware Company is a corporation created by letters patent issued by the Governor of the State of Pennsylvania, bearing date September 22, 1885.   At and prior to January 1, 1886, the said corporation owned a foundry, machine shop, and hardware manufactory situate at the corner of Ninth and Bingaman streets in the city aforesaid, and about 13 acres of land situate in the northern part of the said city.   D. H. Fitzgerald, president of the said company, at or about the time aforesaid, proceeded to borrow large sums of money from divers persons, including Patrick Phalen and the firm of Church & Phalen, of which the said Patrick was a member, and to erect upon the 13 acres of land aforesaid, buildings, etc., and to remove the machinery from the property at Ninth and Bingaman streets aforesaid into the building so erected.   The said moneys were so borrowed and the said buildings erected and machinery removed without any previous meeting held, resolutions passed, or action taken thereupon by the board of directors of the said company.   No meeting of the stockholders of

the said corporation was at any time called by resolution of the board of directors to vote for or against the borrowing of the said moneys from the said Patrick Phalen and the said firm of Church & Phalen, nor was any notice of the time, place, and object of any such meeting published once a week for 60 days prior thereto in at least one newspaper published in the city aforesaid, being the city wherein the chief office or place of business of the said corporation was and is situate, nor was any meeting of stockholders at any time held at the chief office and place of business of the said corporation or elsewhere for the purpose of taking an election of such stockholders for or against the increasing of the indebtedness which would result from such borrowing. That the moneys so borrowed are the moneys for which the said mortgage and the bond therein described were given and form the sole consideration for the same.

" That no meeting of the stockholders of the said corporation was at any time called by resolution of the board of directors to vote for or against the execution of the mortgage and of the bond therein described, nor was any notice of the time, place, and object of any such meeting published once a week for 60 days prior thereto in at least one newspaper published in the city aforesaid, being as aforesaid the city wherein the chief office and place of business of the said corporation was and is situate, nor was any meeting of stockholders at any time held at the chief office and place of business of the said corporation or elsewhere for the purpose of taking an election of such stockholders for or against the increasing of indebtedness which would result from the giving of the said mortgage and the bond therein mentioned.

" Wherefore the deponent is advised and avers that the said borrowing and the giving of the said bond and mortgage were and are void and of no effect, and did not and do not create any liability whatever on the part of the said corporation. The deponent further says that there are other creditors of the said corporation whose claims are valid, and who cannot be paid if the said bond and mortgage are permitted to be recovered upon, and that the plaintiff's attorney is also the attorney of the said corporation, and unless, therefore, the said deponent in behalf of those having valid claims against the said corporation, and in behalf of the stockholders of the same, defends against the

said writ of scire facias, judgment will be entered thereupon by default, and under execution process issued upon such judgment the real estate of the said corporation will be sold by the sheriff, thus not only disturbing the deponent's possession and custody of the said real estate, but destroying the rights of those having valid claims against the said corporation, all of which is true to the best of deponent's knowledge, information, and belief, and all of which deponent expects to be able to prove upon the trial of this cause."

On January 3, 1888, a supplemental affidavit of defence was filed by Mr. Nolan in which he averred:

" That the borrowing of money from Partrick Phalen and from Church & Phalen, and the giving of the mortgage whereon this suit is brought, were an increasing of the indebtedness of the said corporation ; that no such resolution as that recited in the said mortgage was ever adopted by the board of directors, nor was the unanimous consent of the stockholders of the said corporation at any time given to the execution of the said mortgage as therein mentioned; neither did the stockholders waive a formal election for or against the said increase as recited in the said mortgage ; that no action was at any time taken, either by the stockholders or the board of directors, ratifying the giving of the said mortgage ; and that, if the said mortgage be adjudged valid, it will render the said corporation insolvent and destroy the interests of the stockholders, and injure those who have valid claims against the said corporation."

In the paper books presented, but apart from the record, it appeared that the plaintiffs in the equity proceeding, referred to in the affidavit of defence, were William Kerns, Francis A. Fales, assignee for the benefit of creditors of Patrick Phalen, Patrick Phalen and Theressa, his wife, Joseph P. Egan and Timothy J. Hurley, stockholders of the Manhattan Hardware Company, and Samual J. Bedford, a creditor of the company.

On January 26, 1889, the court, ERMENTROUT, J., made absolute a rule for judgment for want of a sufficient affidavit of defence, and judgment was entered in favor of the plaintiff for $29,240.62. On the same day, leave was given to James Nolan, receiver of the Manhattan Hardware Company to purchase a writ of error from the Supreme Court. Mr. Nolan there-

upon took this writ, assigning as error the order of the court entering judgment in favor of the plaintiff for want of a sufficient affidavit of defence.

*Mr. Cyrus G. Derr,* for the plaintiff in error:

1. The constitutional provision forbidding the increasing of corporate indebtedness without the consent of the persons holding the larger amount in value of the stock, is applicable to the creation of all corporate debts, excepting those accruing from the carrying on of the corporate business in the usual way. It therefore applies to the case of money borrowed for the removal of the manufactory of a corporation from one location to another, and neither the contract of borrowing, nor the execution of a mortgage upon the corporate property to secure the money borrowed, are valid, unless the consent of the stockholders be obtained thereto pursuant to the constitutional and statutory provisions, or the transaction be ratified by the stockholders: Constitution of Pennsylvania, § 7, article XVI.; Wilkes-Barre City's App., 109 Pa. 554: Millerstown Bor. v. Frederick, 114 Pa. 435; Kerr v. Corry City, 105 Pa. 282; Ahl v. Rhoads, 84 Pa. 319; Lewis v. Jeffries, 86 Pa. 340.

2. The execution of a judgment or mortgage is beyond the ordinary powers of the president of a corporation, who cannot bind his company by such execution without authority from the board of directors. This objection, aside from the constitutional limitation, is fatal to the mortgage: Stokes v. New Jersey Pottery Co., 56 N. J. L. 237; Penna. R. Co's App., 80 Pa. 265. And the receiver as the representative of the creditors and stockholders of the corporation and the person having the custody of the property, may, for the protection of the creditors and stockholders and for the preservation of his possession of the property, challenge the validity of the mortgage upon both grounds: Stokes v. New Jersey Pottery Co., supra; Columbia N. Bank's App., 16 W. N. 357.

*Mr. Isaac Heister,* for the defendant in error:

1. It is obvious that the constitutional prohibition against an increase of the indebtedness of a corporation such as this one, was intended to prevent the creation of a funded debt and the negotiation of bonds, as usually practiced by corporations, and

was not intended to prevent the corporation from using its credit in purchasing its supplies, or increasing or renewing its equipment, by temporarily borrowing money on notes or open account for these purposes. Purchasing on credit and obtaining temporary accommodations for purchases, are as much a part of the ordinary business of a manufacturing corporation, as receiving deposits is a part of the ordinary business of a banking corporation, by which its indebtedness is increased every moment of the day: Ahl v. Rhoads, 84 Pa. 319; Lewis v. Jeffries, 86 Pa. 344; Steamboat Co. v. McCutcheon, 13 Pa. 13; Wright's App., 99 Pa. 432.

2. The second proposition on the part of the receiver is that such indebtedness as is contemplated by the constitutional provision, unless authorized by a stockholders' meeting, is void and uncollectible. Even if this were an increase of indebtedness requiring a stockholders' meeting, the proposition that it is void and uncollectible because no such meeting was held, is by no means correct. It will be observed that the constitutional provision declares void a fictitious increase of indebtedness, but does not avoid a true increase of indebtedness created without the stockholders' authority. The provisions concerning a true increase of indebtedness are directory simply: National Bank v. Mathews, 8 Otto 627; Scoville v. Thayer, 15 Otto 149; Columbia N. Bank's App., 16 W. N. 357; Pullman v. Upton, 6 Otto 328; Jones v. Guaranty Co., 11 Otto 628.

3. The third proposition on the part of the receiver is, that the minutes of the authority given by the stockholders and directors are untrue, and that the corporation is not bound by the recital of them in the mortgage. The resolutions, as recited in the mortgage, confer adequate authority. If the court should be of the opinion that the resolutions were necessary to the validity of the mortgage, the fact that they were duly entered upon the minutes of the company, and duly certified in the mortgage over the seal of the corporation, attested by the signatures of the president and secretary, and affidavit of the president, and that full consideration was given, would certainly estop the corporation from averring the contrary, on elementary principles, against one who relied upon them: Brooke v. Railroad Co., 108 Pa. 529; Chestnut Hill etc. Co. v. Rutter, 4 S. & R. 6; Bank of Kentucky v. Schuylkill Bank,

1 Pars. 251; Hackensack Water Co. v. Dekay, 36 N. J. Eq. 550; Willis v. Phila. etc. R. Co., 6 W. N. 461; Oil Creek etc. R. Co. v. Penna. Trans. Co., 83 Pa. 160; Wright v. Pipe Line Co., 101 Pa. 204; Penna. N. Gas Co. v. Cook, 123 Pa. 170.

4. Moreover; the validity of the mortgage was recognized in the equity suit upon which the receiver was appointed, and he is thereby estopped from denying its validity now: Herman on Estoppel, 943. Nor can he assume to contest it on behalf of creditors, because creditors themselves have no standing to contest it: Second N. Bank's App., 96 Pa. 461; Harlan v. Maglaughlin, 90 Pa. 293; Kimble v. Smith, 95 Pa. 69; Gill v. Henry, 95 Pa. 388; Henderson v. Waid, 96 Pa. 460; Gordon v. Preston, 1 W. 387; Lewis v. Philadelphia Axle Works, 10 Phila. 334; Yeager v. Wallace, 44 Pa. 295; Singerly v. Fox, 75 Pa. 112; Seavey v. Jenkins, 15 W. N. 124; Mellon's App., 32 Pa. 130; Craig's App., 38 Pa. 330; McAllister's App., 59 Pa. 206.

OPINION, MR. JUSTICE McCOLLUM:

The creditors of the Manhattan Hardware Company have no standing to contest this mortgage: Gordon v. Preston, 1 W. 385; Jones v. N. Y. Guaranty Co., 11 Otto 622. It is not a void instrument nor fraudulent as to them. It was given to secure a debt incurred by the company in the improvement of its property, and it was clearly within the power of the corporation to create the debt, and to execute the mortgage. It could hold, purchase and transfer such real and personal property as its purposes required, not exceeding the amount limited by its charter or by law, borrow money on bond and mortgage and secure its indebtedness by them: Act of April 29, 1874, P. L. 73. But it is objected that the debt was not authorized by a previous meeting and consent of stockholders, as directed by § 7, article XVI. of the constitution, and the act of April 18, 1874, P. L. 61. This objection assumes that the debt secured by the mortgage was an increase of indebtedness within the intendment of the constitution. It is consonant to reason and settled by authority that the debts incurred by a corporation in the conduct of its ordinary business, are not affected by the constitutional provision or by the act of assembly referred to. The liabilities of a bank, created by its

deposits, do not fall within them: Ahl v. Rhoads, 84 Pa. 319. The debts of a manufacturing corporation, accruing in the employment of labor and the purchase of materials in the prosecution of its ordinary business, do not, we think, constitute such an increase of indebtedness, as requires a previous meeting and consent of stockholders to validate them.

But in the view that we take of this case we need not decide to which class the debt under consideration belongs. The corporation received and applied to the improvement of its property every dollar of the loan covered by the mortgage. It is not denied that the stockholders knew of this improvement and of the loan to effect it; nor is it alleged that any stockholder ever protested against either. It may be assumed, therefore, that with full knowledge of both they allowed the mortgagee to advance his money to the corporation, and the money so advanced to be applied to the uses for which it was borrowed, without a word or act to indicate their dissent. The corporation possesses and enjoys the fruits of the loan, and neither it, nor its stockholders, can now be permitted to allege as a defence to the mortgage given to secure it, that it was unauthorized by a previous meeting and consent of stockholders. " When an act done by directors is in excess of their authority, yet it has been done with the bona fide intent of benefiting the corporation which they represent, and a shareholder knowing thereof does not dissent within a reasonable time, his assent to the act will be presumed, and he will be estopped from gainsaying it:" Watts's App., 78 Pa. 394. It was said by this court, in Gordon v. Preston, supra, that "the maxim which makes ratification equivalent to a precedent authority, is as much predicable of ratification by a corporation as it is of ratification by any other principal, and it is equally to be presumed from the absence of dissent."

It is claimed that even if the debt is valid, the mortgage given to secure it, is not. The ground of this claim is the alleged absence of a resolution by the directors, empowering the president of the corporation to make the mortgage. But the mortgage recited such a resolution, and it is not denied that it is contained in the minutes of the corporation. The mortgage is under the corporate seal, signed by the president and attested by the secretary of the Manhattan Hardware

Company.  The mortgagee knew that the corporation had power to borrow money upon bond and mortgage, and in the utmost good faith advanced his money to the corporation and accepted the mortgage as security for it.  Upon its face the mortgage represented that it was duly authorized by the directors, and under the circumstances he was not bound to look beyond it.  He had the right to assume as against the company that all matters of internal management had been complied with.  The minutes of the corporation were not for his inspection, and if he had been allowed access to them, would have sustained the recital in the mortgage.  No director or stockholder has ever claimed that the mortgage was unauthorized, but on the contrary, stockholders owning a clear majority of the stock issued by the corporation have recognized its validity in their bill for the appointment of a receiver.  It is the receiver appointed upon their bill, who is now seeking, against their protest, to destroy it.  For aught that appears in his affidavit of defence, every director and stockholder of the company knew of the loan and mortgage and ratified both by acquiescence.  As neither the corporation, its stockholders, nor its creditors, can now allege a want of authority to make the loan and mortgage, the receiver cannot do so for them.

The judgment is affirmed.