(117 So. 554)

No. 29172.

**LIVERPOOL & LONDON & GLOBE INS. CO., Limited, et al. v. ALEMAN PLANTING & MFG. CO. et al.**

May 7, 1928. Rehearing Denied June 4, 1928.

Charles T. Wortham, of Donaldsonville, for appellant.

Caleb C. Weber, of Donaldsonville, Simmons & Simmons, of Napoleonville, George P. Eberle, of New Orleans, and Borah, Himel, Bloch & Borah, of Franklin, for appellee Russell.

LAND, J. The sugar house and other buildings located on the Cosa Natural Plantation, owned by the Aleman Planting & Manufacturing Company, were insured in plaintiff companies, and were destroyed by fire.

As all of the policies issued to defendant company contained a loss payable clause in favor of the holders of the first mortgage notes, outstanding and existing on the property, and amounting to the sum of $60,000, and as Charles H. Russell individually, and the Russell Sugar Company, through its receiver, each claimed to be the exclusive owner of these notes, the insurance companies deposited in the registry of the lower court the adjusted loss of $55,620.98, cited these adverse claimants to assert their respective rights, and made the Aleman Planting & Manufacturing Company a party also to the concursus proceeding.

Defendant company in its answer claims to be the sole owner of the fund deposited, by virtue of its ownership of the property insured and destroyed, and contends that neither Charles H. Russell nor the Russell Sugar Company is the owner of the notes in question, on the ground that these notes, and the mortgage executed by defendant company to secure them, are both null and void, because of certain alleged irregularities in their execution, in violation of the charter provisions of defendant company.

· The judgment of the lower court recognized the validity of the mortgage and notes, and ordered that the proceeds of the insurance policies deposited in the registry of the court be paid to Charles H. Russell, by pref-

erence and priority over the Aleman Planting & Manufacturing Company, and other persons or creditors of that company.

From this judgment the receiver of defendant company has appealed.

■ A plea of lis pendens was filed by the Aleman Planting & Manufacturing Company against the claim of Charles H. Russell to the fund deposited in the registry of the court, on the ground that the claimant, on November 2, 1926, had instituted in the lower court executory proceedings for the collection of the mortgage notes held by him, and that he was debarred from proceeding via ordinaria for the same purpose in the present proceeding.

Article 94 of the Code of Practice, as amended by Act 62 of 1918, provides that:

"The *same cause* cannot be brought before the same or separate courts, though they be possessed of concurrent jurisdiction, except by discontinuing the suit first brought before the answer is filed," etc.

The present proceeding is a concursus proceeding provoked by plaintiff insurance companies, and is by no means a second executory proceeding instituted by Charles H. Russell against defendant company for the foreclosure of his first mortgage notes.

The parties to the present proceeding are entirely different from those to the executory proceedings initiated on November 2, 1926, by Charles H. Russell in the lower court.

The cause of action is different.

In an authentic act of mortgage of date March 22, 1924, evidencing the notes and mortgage here in question, defendant company bound itself to keep the mortgaged premises constantly insured against loss by fire, and to transfer the insurance to future holders of the notes as an additional security.

In pursuance of this obligation, a loss payable clause was inserted in the policies of insurance in favor of the holders of the first mortgage notes, which were acquired in due course by Charles H. Russell from the Russell Sugar Company, the original holder.

The buildings insured burned before the foreclosure proceedings were brought by Charles H. Russell. The issue raised here, whether he as the beneficiary of the loss payable clause in the policies, or whether the assured, because of its ownership of the buildings destroyed by fire, is entitled to the deposit, was not an issue in the executory proceedings instituted by Russell in the lower court, nor, as far as we are advised by the record, was the validity of the mortgage or the mortgage notes an issue in that proceeding.

Since the buildings covered by the insurance had burned before the foreclosure proceedings were instituted, his claim under the loss payable clause in the policies could be asserted by Charles H. Russell only in the present concursus proceeding in the lower court, as the amount of loss had been deposited by plaintiff insurance companies in this proceeding, and hence the necessity of Russell's appearance herein to protect his legal rights.

Russell relies in the present concursus proceedings, as the basis of his claim to the deposit, upon a loss payable clause in the policies of insurance, or upon a stipulation pour autrui in his favor, as he is a third person, and acquired the first mortgage notes in due course from the original holder, the Russell Sugar Company.

As the parties, proceedings, and causes of action are not the same in the two proceedings, the plea of lis pendens is without merit, and was properly overruled.

■ By virtue of the loss payable clause in the policies of insurance, Charles H. Russell, as the holder of the first mortgage notes, unquestionably had a superior right or claim to the proceeds of the insurance policies, if the mortgage and mortgage notes were valid, as such clause was a stipulation pour autrui for his benefit, and could not be revoked by the parties to the contract without his con-

sent. A contrary doctrine would destroy the loss payable clause, or stipulation pour autrui, and leave the mortgagee depending upon the good faith or generosity of the assured. Tilley v. Camden Fire Ins. Ass'n, 139 La. 993, 72 So. 709. .

Article 6 of the charter of the Aleman Planting & Manufacturing Company provides as follows:

"The board of directors of this corporation shall not have the power or authority to issue any bonds or notes of the said corporation or to sell, mortgage, hypothecate, or pledge any of the real or personal property of the·corporation except upon the previous written authorization and approval of the owners of the majority of the capital stock filed in the office of the company, and a copy whereof shall be incorporated in the bond, note, or act of sale, mortgage, or pledge; but this limitation shall not extend to the contracts made with agents or other employees with respect to payments for their services or the purchase of the usual and necessary supplies for carrying on the business of said corporation."

Defendant company, through its receiver, contends that the mortgage and notes, "as appears upon their face," are null and void for the following reasons:

(1) For failure to comply with the foregoing provisions of the charter, in that neither the mortgage nor the notes have incorporated therein the written authorization and approval of the owners of the majority of the capital stock, as required by the charter.

(2) That no such approval or authorization of the stockholders has been filed in the office of defendant company.

(3) That the mortgage had never been authorized at a meeting of the board of directors.

(4) That a certified copy of the resolution of the board of directors authorizing the mortgage had not been entered upon the minute book of the corporation.

(5) That no consideration passed with the execution of the mortgage, and that the burden is upon Russell to prove that a consideration was given for the notes.

Item 5 of the objections urged is abandoned in the brief of defendant company at page 26. It is there stated that—

"We believe that they succeeded in establishing an indebtedness from the Aleman Company to Russell sufficiently large, including interest, and attorney's fees, to absorb the $55,000 now in court for distribution. We will therefore submit no further argument on this point."

The issue, therefore, is narrowed down to the validity of the mortgage and notes.

In our opinion, the evidence, as contended by counsel for Russell, shows that, at a meeting of the board of directors at its office, a resolution authorizing the loan to defendant company was regularly adopted.

The fact that this resolution was not entered upon the minutes is not material, since the resolution was attached to the act of mortgage. This resolution was prepared by Burt Henry, Esq., of New Orleans, and was sent to the president of defendant company, who called the board of directors together, and the resolution was adopted by the unanimous vote of the board.

The first and primary reason urged by defendant company against the validity of the mortgage is that it was not legally granted.

Counsel for Charles H. Russell contend that the provisions of article 6 of the charter have been substantially complied with, in that the owners of a majority of the capital stock joined in and concurred in the act of mortgage.

In the authentic act of mortgage of date March 22, 1924, Henry R. Aleman, Sidney Aleman, and Gustave Carmouche personally intervened and "severally declared that they have taken cognizance of the above and foregoing act of mortgage and bind themselves individually and in solido with the said Aleman Planting & Manufacturing Company, Limited, for the full payment of' all of the aforesaid promissory notes in capital, interest, and attorney's fees, costs, charges, and expenses whatsoever," and additionally mort-

gaged some of their individual property as further security for the notes.

There also intervened in the act Mrs. Anna Schrieber Aleman, wife of Henry R. Aleman, Mrs. Emily Cobb Aleman, wife of Sidney Aleman, and Mrs. Leonise Gonzales Carmouche, wife of Gustave Carmouche, who declared, out of the presence of their husbands, that they took cognizance of the mortgage granted by their husbands and securing the indebtedness of the Aleman Planting & Manufacturing Company, and waived the homestead exemption.

These above-named stockholders owned and represented more than a majority of the stock of the corporation issued and outstanding at the time the mortgage was executed, and the personal appearance of these stockholders in the act of mortgage constituted "the written authorization and approval of the owners of a majority of the capital stock," and is a substantial compliance with article 6 of the charter of the Aleman Planting & Manufacturing Company.

■ The fact that no written approval or authorization of the stockholders has been filed in the office of the company is unimportant, as such approval appears upon the face of the act of mortgage and extends necessarily to the face of the mortgage notes, and the filing of such a document was a mere matter of "internal management," which the mortgagee had the right to assume, as against the company, had been complied with. Manhattan Hardware Co. v. Phalen, 128 Pa. 110, 18 A. 428.

■ Charles H. Russell, through counsel, also filed a plea of estoppel based upon the knowledge of the stockholders of defendant company and their consent to the execution of the mortgage herein attacked, upon the fact that the stockholders joined in the act of mortgage as guarantors, and upon acquiescence in the same through benefits received thereunder.

Neither the officers of the company, its board of directors, nor its stockholders, have at any time questioned the validity of the security upon which the loan was advanced. The corporation and its stockholders have received the benefit of the loan, which, the testimony shows, was obtained to purchase the usual and necessary supplies and for carrying on the business of the corporation. Under such conditions, the corporation and stockholders have ratified and approved the mortgage and the mortgage notes, and the receiver, at this late date, cannot be heard to question the validity of the transaction.

■ The act of mortgage is not ultra vires of the powers of the corporation in the sense that its execution was beyond its legitimate powers, as they are defined by its charter.

On the contrary, the corporation is expressly authorized to issue notes and to mortgage any of its real estate upon the previous written authorization and approval of the majority of the capital stock filed in the office of the company, and upon a copy of same being incorporated in the note and act of mortgage.

The charge is merely that the mortgage is null, because the method providing for its execution was not complied with, or that the directors exceeded their authority in executing the mortgage.

■ It is well settled that there are two classes of ultra vires acts, one which is in excess of the charter power, and the other in which the officer of a corporation undertakes to do an act, within the charter power, that he has no authority to perform. Savannah Ice Co. v. Canal-Louisiana Bank & Trust Co., 12 Ga. App. 818, 79 S. E. 45.

In National Home Building Association v. Home Savings Bank, 181 Ill. 35, 54 N. E. 619, 64 L. R. A. 399, 72 Am. St. Rep. 245, it is said:

"The term" ultra vires "has been applied to acts of directors or officers which are outside and beyond the scope of their authority, and therefore are invasions of the rights of stockholders, but which are within the powers of the

'corporation. In such a case the act may become binding by ratification, consent and acquiescence, or by the corporation receiving the benefit of the contract."

See Louisville, New Albany & Chicago R. R. Co. v. Louisville Trust Co., 174 U. S. 552, 19 S. Ct. 817, 43 L. Ed. 1081; Bensiek v. Thomas (C. C. A.) 66 F. 104; In re Eastman Oil Co. (D. C.) 238 F. 416; Crowder State Bank v. Ætna Powder Co. et al., 41 Okl. 394, 138 P. 392, L. R. A. 1917A, page 1021.

In Blanc v. Germania National Bank, 114 La. 739, 38 So. 537, it is said:

"A corporation which has received the consideration of a contract is not allowed to defend against an action on the contract on the ground that the provisions of its charter * * * were not complied with by the officer acting for the corporation in the execution of the contract. A. & E. E. of L. (2d Ed.) vol. 7, p. 761."

See, also, Robert Gair Co. v. Columbia Rice Packing Co., Ltd., 124 La. 193, 50 So. 8, in which the Blanc Case above cited is affirmed.

The plea of estoppel was properly sustained by the trial judge.

We find no error in the judgment of the lower court.

Judgment affirmed.