CRAIN, Judge.
Plaintiff, a family owned corporation, and four of its five major stockholders[1] sued the remaining stockholder and a prospective stockholder, to rescind the sale of certain real and movable property allegedly owned by the plaintiff corporation and fraudulently transferred by William Hill, Jr. to Jacqueline Wesley. Plaintiffs also sought damages and an accounting. The trial court granted the plaintiffs’ request for accounting, but refused to rescind the sale and award damages. We affirm the judgment of the trial court.
The sole issue presented for our consideration is whether the trial court erred in refusing to rescind the sale of the property in question.
The facts as revealed by the record are as follows:
The plaintiff corporation, a funeral home business in Iberville Parish began operation in October, 1978. The family owned business was comprised of six stockholders, the offspring of William Hill, Sr. It later devolved to five stockholders when one sibling withdrew from the corporation. At the time of the inception of the corporation real and movable property was purchased with funds secured from Guaranty Bank and Trust. The bank held this property as collateral to secure the acquisition funds loaned to the plaintiffs.
One of the plaintiffs, Craig Hill, was a moving force in the business prior to 1984. He held a mortician’s license which was essential to the operation of this business. In 1982 talks began with defendant Jacqueline Wesley concerning her possible employment with the plaintiff corporation. Ms. Wesley was first approached by defendant William Hill, Jr. The agreement between Ms. Wesley and William Hill, Jr. was that Ms. Wesley would move from California in order to run the plaintiff business. In consideration for her efforts she would eventually gain an equal share of the business. She was to receive no salary. The intent of the agreement, according to defendant Hill was an attempt to save this failing business.
Ms. Wesley had also discussed her entry into the business with plaintiff Craig Hill. He first expressed a desire to leave the *1082 business however, he later decided to continue on.
In March, 1983, the business showed financial weakness and the bank loan was in arrearage by 8 months, causing demand for payment to be made by Guaranty Bank. The note was thereafter brought current and the business operations continued.
In 1984, Jacqueline Wesley returned to her home in Louisiana in order to run the plaintiff business. Ms. Wesley was to operate the business with William Hill, Jr. and his brother, Craig Hill. Thereafter, Craig Hill was having personal problems and expressed an interest in leaving the business. He mentioned the sum of $25,-000 as an amount he would accept for his share of the business. He did leave the business in January, 1985. He continued to be paid because Ms. Wesley operated the business under Craig Hill’s mortician license.
On August 5, 1985, Jacqueline Wesley was presented with an act of sale and assumption of the assets of the plaintiff corporation by William Hill, Jr. The sale was signed by Ms. Wesley. The act of sale was ostensibly from the plaintiff corporation to Ms. Wesley, however there had been no meeting of the Board of Directors nor Board resolution authorizing the sale. In 1985 Ms. Wesley also signed a continuing guarantee with the lending bank, Guaranty Bank and Trust.
Thereafter, Ms. Wesley ran the business as its owner. She paid bills, covered salaries and infused capital. According to Ms. Wesley she discussed her intentions with Milbert and Eura Hill to reincorporate the business after Craig Hill was removed from the operations.
On October 8, 1985 the bank loan was accelerated and demand was made on the plaintiff corporation. Foreclosure proceedings were instituted in June, 1986. Upon notice that her ownership interest was in question, Ms. Wesley stopped making payments on the bank loan. For some time, Ms. Wesley escrowed the monthly note payments with Guaranty Bank. No attempt was made by the Hill family to bring the loan current.
On November 5,1986 a sheriffs sale was conducted and the collateral securing this loan was sold to the high bidder, Guaranty Bank. Following the purchase of the security by the bank, negotiation began with Ms. Wesley, after she approached the bank and expressed a desire to purchase the real and personal property involved.
On November 20, 1986 Guaranty Bank sold these assets to Jacqueline Wesley and her brother, Freddie Wesley. The purchasers presented the bank with a down payment and the balance of the loan was amortized in accordance with the amortization of the old loan. The transferring documents for this transaction were prepared by bank counsel, who was the same attorney who represented Ms. Wesley in this litigation.
In their suit seeking recision of the sale and return of the assets formerly belonging to the corporation, plaintiffs allege that the sale and assumption, wherein William Hill, Jr. attempted to sell the corporate assets, was null and void in that William Hill, Jr. acted without corporate authority and in derogation of his fiduciary duty. Additionally, plaintiffs allege that this transaction was the product of a conspiracy between the defendants, in an attempt to defraud plaintiffs of their property. Finally, plaintiffs allege that the sale was void because there was no payment of consideration.
In refusing to rescind the sale of the former assets of the corporation, the trial judge reasoned as follows:
THE COURT: The property is gone. The Court holds that that’s a legal sale, that the bank sale was a legal sale. The bank foreclosure and the subsequent sale was legal. The Court is not going to rule on the other deal. I can if you want me to. I think it’s irrelevant at this time. But, if you want me to, I’ll rule it’s no good because there is no resolution. One member of a corporation can’t sell property without the consent of the board. It has to be done in writing....
The contract of sale involves three essential elements: the thing sold, the price and consent. La.C.C. Art. 2439. *1083 One’s consent to contract may be vitiated by error, fraud or duress. La.C.C. Art. 1948. In a like manner, a judicial sale may be set aside in the case of fraud or nullity. La.C.C. Art. 2619. Since the charge of fraud is a serious one, the person who alleges fraud must carry the burden of establishing it. Sanders v. Sanders, 222 La. 233, 62 So.2d 284 (1952). In such cases, fraud must be proven by a preponderance of the evidence and may be established by circumstantial evidence. La.C.C. Art. 1957.
In this ease we are called upon to determine whether the trial judge erred in refusing to rescind the sale of real and personal property purchased by Ms. Jacqueline Wesley. In this regard the standard of review is whether the conclusions by the trial judge are clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La., 1989); Arceneaux v. Dominque, 365 So.2d 1330 (La., 1978).
We are herein presented with two contracts of sale to Ms. Wesley. The first sale to Ms. Wesley was by William Hill, Jr. acting ostensibly as a corporate representative. That sale, dated August 5, 1985, recited a consideration of $67,114.87 of which a note for $10,000 payable on May 1, 1990 was executed and purchaser assumed a corporate loan of $57,114.87 dated October 27,1978. The note was payable to Guaranty Bank in the monthly amount of $795.70.
With regard to this transaction the record clearly reflects that although there was consideration to support the sale it was, nonetheless, invalid because it was not passed pursuant to a corporate resolution and William Hill, Jr. possessed no corporate authority to transact this sale.
William Hill, Jr. testified, with regard to this sale and assumption, that he never met with the other shareholders of the corporation. Additionally, he attested that there was no Board meeting and no meeting of the corporate shareholders. This testimony was corroborated by former stockholder, Craig Hill.
The corporation could have authorized the sale of its property and this authorization would have had retroactive effect. Kemna v. Warren, 514 So.2d 237 (La.App., 5th Cir., 1987). In this case that was not done, and hence, the actions of Williams Hill, Jr. were ultra vires. As such, this transfer of corporate property without express authority was void and the trial judge correctly so found. La.C.C. Art. 2996. See: Liverpool & London & Globe Insurance Co. v. Aleman Planting & Mfg. Co., 166 La. 457, 117 So. 554 (1928); Tedeseo v. Gentry Development, Inc., 521 So.2d 717 (La.App., 2nd Cir., 1988) writ granted, 523 So.2d 1313, aff’d., 540 So.2d 960 (La., 1989).
The second sale to Ms. Wesley occurred after Guaranty Bank purchased the property as the high bidder at a sheriffs sale, following its foreclosure on the property, because of default by the debtors.
The testimony is uncontroverted that the debtors made no attempt to bring the loan current in October, 1985. Likewise, although a judicial sale may be set aside for fraud, there is no dispute that the debtors took no action to prevent the foreclosure and sheriffs sale. La.C.C.P. Arts. 2619, 2751. The trial judge found that the foreclosure and sheriff sale gave Guaranty Bank valid and merchantable title to the subject property. He concluded the sale to Guaranty Bank was valid. We agree.
The proceedings surrounding the foreclosure and sale were made a part of this record. Our review of these proceedings convinces us that the trial judge was correct in his conclusion that the foreclosure and sheriffs sale were valid.[2] As such the bank received valid title to the subject property.
Finally, without joining the bank as a defendant, plaintiffs now seek to set aside the sale from the bank to the Wes-leys on the basis of lack of consideration and fraud.
*1084 The contention that this sale was void of consideration is without merit. The act of sale recites valid consideration, in the form of a down payment and monthly payments reflected by a promissory note. Additionally this documentary evidence is supported by the testimony to that effect, given at trial, by Jacqueline Wesley, Freddie Wesley and the banking officer, James O’Neil.
In support of their allegation of fraud, plaintiffs point to the fact that Ms. Wesley stopped monthly payments on the property once she discovered the loan was in default. They also suggest that it was unusual that she was allowed to repurchase the property after the foreclosure and the fact that her counsel in this litigation has also represented the Guaranty Bank.
The record reveals that Ms. Wesley stopped paying her business indebtedness when she received service of the suit which attacked the sale to her of the business assets. She also testified that her note to William Hill, Jr. was voided because they were advised that the sale was illegal. Ms. Wesley further stated that for some time she continued to deposit monthly payments into an escrow account at Guaranty Bank.
Both Ms. Wesley and Loan Officer O’Neil testified that the negotiations for the sale of the property from the bank to the Wesleys did not take place until after the bank bought the property at the sheriff sale.
According to Mr. O’Neil, it was unclear who owned the property at the time of the bank’s foreclosure. He testified that the basis for Ms. Wesley’s guarantee had been her alleged ownership of the business. He also testified that the bank’s decision to sell foreclosed property to a former debtor, although unusual, was made on a case by case basis.
In this case the trial judge concluded that the sale from the bank to the Wesleys was valid. He apparently concluded that the explanations for the actions of Ms. Wesley in stopping her bank payments and subsequently repurchasing the property from the bank were plausible and done in an arm’s-length manner. Under the circumstances of this case, we cannot say that his conclusion, that fraud was not proven, is clearly wrong. Rosell v. ESCO, supra; Arceneaux v. Dominque, supra.
For the reasons assigned the judgment of the trial court is affirmed at Plaintiffs costs.
AFFIRMED.

. Plaintiffs are brothers and sisters and include Milbert Hill, Calvin Hill, Craig Hill and Russell Hill. Defendants are William Hill Jr. and Jacqueline Wesley.

. We note however, that the proper time to assail this transaction would have been at the time of the foreclosure and Sheriff sale.